UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DARRYL R. MILLER,

        Defendant.
                                            /

No. 08-11499

District Judge Arthur J. Tarnow

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

This is a student loan case. Before the Court is Defendant's objection to garnishment and claim for exemption [Doc. #76], which was referred on September 9, 2018. Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation. *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993); *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003).

For the reasons set forth below, I recommend that Defendant's objection to the garnishment be DENIED.

### I.   FACTS

On May 22, 2009, after granting Plaintiff's motion for summary judgment, the Court entered judgment against the Defendant in the amount of $30,248.87, plus interest from the date of the filing of the complaint, plus post judgment interest [Doc. #41]. On July 9, 2018, on Plaintiff's request, the Court entered a writ of continuing garnishment as to Defendant Darryl richard Miller and garnishee State of Michigan Department of Treasury [Doc. #73]. Defendant file his objection and request for hearing on August 15,

2018 [Doc. #76].  In his filing, he states that he previously entered into a payment agreement with Plaintiff. He stated at the hearing on February 28, 2019 that the agreement provided for a monthly payment of $150.00, which he can no longer afford. His filing states, "[A]fter all the money I paid in bankruptcy, mostly to the IRS, and because I am largely unemployed, and owe thousands of dollars in past due property taxes because of the bankruptcy where I may yet lose my home, I cannot afford to pay even this much more, and need some relief, either a reduction or forgiveness, or a payment plan with very small payments."  Doc. #76, Pg. ID 226.  However, he does not claim any specific exemptions, and does not argue that the state income tax refund is subject to any exemption from garnishment.

## II.   DISCUSSION

A judgment debtor who contests a writ of garnishment bears the burden of showing he or she is entitled to an exemption.  *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). At the hearing in this case, Defendant stated that the garnishment works a hardship on him, and he cannot afford the monthly payments of $150.00 that he previously agreed to. However, as I stated in *United States v. McGhee*, 2007 WL 4326807, *1 (E.D.Mich. 2007), "[W]hile the Court is not unsympathetic to [Defendant's] financial plight, poverty does not constitute a defense to a writ of garnishment. Further, Defendant has not set forth any basis, under either Michigan or federal law, from which this Court could conclude that the property in issue is exempt from garnishment." Likewise here, Defendant has not met his burden of showing that the funds in question are exempt from garnishment.

At the hearing, the Plaintiff indicated a willingness to consider a new payment plan, but requires financial information from the Defendant. If the Defendant is willing to provide that information and engage in discussions with Plaintiff's counsel, it is possible that he might be able to obtain relief that would alleviate some of his financial concerns. But hat issue is not before me, nor are any issues relating to the validity of the underlying judgment.[1] Because Defendant has not shown that his Michigan income tax refunds are exempt from garnishment, his objections must be denied.

### III.   CONCLUSION

I therefore recommend that Defendant's objections to garnishment [Doc. #76] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[1] The Court denied Defendant's motion for consideration of the order granting summary judgment to the Plaintiff. *Order*, Doc. #43. Defendant filed a notice of appeal, but successfully moved to voluntarily dismiss the appeal under Rule 42(b) of the Federal Rules of Appellate Procedure. *Sixth Circuit Order*, Doc. #70.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: February 28, 2019
        s/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

### CERTIFICATE OF SERVICE

I hereby certify on February 28, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on February 28, 2019.

        s/Carolyn M. Ciesla
        Case Manager for the
        Honorable R. Steven Whalen