UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-11499 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | U.S. MAGISTRATE JUDGE R. STEPHEN WHALEN |
| DARRYL MILLER, | |
| Defendant, | |
| v. | |
| STATE OF MICHIGAN DEPARTMENT OF TREASURY, | |
| Garnishee. | |

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [86]]; OVERRULING DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION [89], AND DENYING DEFENDANT'S OBJECTION [76] TO THE GARNISHMENT**

This a student loan case that comes before the Court on Defendant Darryl Miller's objection to a writ of continuing garnishment. The Court granted Plaintiff's Motion for Summary Judgment on May 21, 2009, and issued a Judgment against Darryl Miller in the amount of $30,248.87, plus pre- and post-judgment interest pursuant to 28 U.S.C. § 1961. [Dkt. # 40]. On August 5, 2009. Mr. Miller filed an application to proceed in forma pauperis on appeal [46]. The Court denied that

motion on September 17, 2009 [49]. Writs of garnishment [59, 60, 61] were then issued against several garnishees, including the Michigan Department of Treasury, Bank of America, and Flagstar Bank.

Mr. Miller filed a request for a hearing on the writs of garnishment [65], and his hearing was set for March 25, 2010 [68]. During the hearing, the parties reached a settlement agreement, and Mr. Miller dismissed his appeal. At some point between that hearing and July 6, 2018, the settlement broke down, and Plaintiff issued another Writ of Continuing Garnishment against Michigan's Department of Treasury [75]. Mr. Miller requested a hearing on the writ, and the matter was referred to the Magistrate Judge.

The Magistrate Judge held a hearing on February 28, 2019, and he recommended denying Mr. Miller's objection to the garnishment. The Report and Recommendation ("R&R") [86] found that Mr. Miller had not carried his burden of showing that he is entitled to an exemption from the writ of garnishment. *See United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). Mr. Miller seeks to negotiate a payment plan with Plaintiff, but the Court is not empowered to craft a second settlement agreement between the parties. As to the payment plan, the Magistrate Judge noted,

> At the hearing, the Plaintiff indicated a willingness to consider a new payment plan, but requires financial information from the Defendant. If the Defendant is willing to provide that information and engage in discussions with Plaintiff's counsel, it is possible that he might be able to

obtain relief that would alleviate some of his financial concerns. But that issue is not before me, nor or any issues relating to the validity of the underlying judgment. Because Defendant has not shown that his Michigan income tax refunds are exempt from garnishment, his objections must be denied.

R&R at 3.

28 U.S.C. § 3014 provides the mechanism for debtors to exempt portions of their income from a writ of garnishment. Economic difficulties alone will "not provide a sufficient basis to exempt [the debtor's income] from the writ." *United States v. Jones*, No. 11-11319, 2011 U.S. Dist. LEXIS 152747, *4 (Dec. 1, 2011) (quoting *U.S. v. Wells*, No. 06-10589, 2006 U.S. Dist. LEXIS 83124, at *6-7 (E.D. Mich. Nov. 3, 2006)).

Mr. Miller filed an Objection [89] to the R&R on the grounds that financial difficulties and other factors beyond his control precipitated the breakdown of his negotiated payment plan. That may be so, but that is not grounds for an exemption, and that is the only issue before the Court at this time. Mr. Miller's petition that the Court allow a payment plan is premature. The Court will, as it has done before, accept a fairly negotiated settlement agreement between Plaintiff and Defendant, but it is up to the parties, including Mr. Miller, to provide each other with the information they need in order to reach such an agreement.

As a final matter, Mr. Miller must start filing motions pursuant to the Court's Local Rules. See https://www.mied.uscourts.gov/PDFFIles/localRulesPackage.pdf.

Mr. Miller can file documents with the clerk's office either in person or by mail. Faxing documents to the Court is neither proper nor efficient.[1]

The Court having reviewed the record, the Report and Recommendation [86] is hereby **ADOPTED** and entered as the findings and conclusions of the Court.

**IT IS ORDERED** that Mr. Miller's Objection [89] to the Report and Recommendation is **OVERRULED**.

**SO ORDERED**.

Dated: April 19, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

---

[1] As far back as 2009, documents, such as the "Defendant's Motion for Leave to File Amended Answer to Complaint to Add More Definite Statement of Counter-Complaint," were not found on the docket when they should have been. (Dkt. 49).