# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARRYL MILLER,

Defendant,

v.

STATE OF MICHIGAN DEPARTMENT OF TREASURY,

Garnishee.

Case No. 08-11499

SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEPHEN WHALEN

_____/

**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT [84]**

On April 8, 2008, Plaintiff, the United States, brought this student loan case against Defendant, Darryl Miller, to collect funds owed from a 1982 student loan reinsured by a Department of Education loan guaranty program. [Dkt. #1]. A Clerk's Entry of Judgment by Default was entered against Mr. Miller on May 27, 2008 [7],

but it was vacated [8, 9] on July 30, 2008. The United States filed a Motion for Summary Judgment [28] on November 21, 2018. Mr. Miller never responded, even after the Court issued an Order for him to Show Cause Why He Should Not be Held in Default for Failure to Respond to Plaintiff's Motion for Summary Judgment [37] on February 26, 2009. On May 21, 2009, the Court granted [40] Plaintiff's Motion for Summary Judgment, and, on May 22, 2009, it issued a Judgment [41] against Mr. Miller in the amount of $30,248.87.

Mr. Miller appealed [44] the judgment against him, but while the appeal was pending he negotiated a settlement with the United States at an objection to a garnishment hearing on March 25, 2010. He dismissed [70] his appeal on May 11, 2010. Though the executed terms of the settlement do not appear on the record, the parties' recent briefing have made clear that Mr. Miller paid a lump sum in 2009 and then was to pay $150.00 per month thereafter in consideration of the reduction of his debt to $20,863.68. (Dkt. 87-1). Both parties agree that Mr. Miller ceased to make his monthly payment following his bankruptcy. (See Dkt. 84 & 86). Plaintiff claims that it last received a payment of $22.52 in July 2017. (Dkt. 86, pg. 3).

On July 6, 2019 Plaintiff filed a Request [73] for the issuance of a continuing writ of garnishment against Mr. Miller and the garnishee. Mr. Miller objected [89] to the writ, and the Magistrate Judge held a hearing on the objection on February 28,

2019. The Magistrate Judge then issued a Report and Recommendation ("R&R") [86] advising the Court to deny the Objection. Mr. Miller objected [89] to the R&R, but the Court overruled the objection and adopted the R&R on April 19, 2019 [92]. It denied a petition for rehearing on May 6, 2019 [95].

Though the February 28, 2019 Motion to Set Aside Default Judgment [84] was originally referred to the Magistrate Judge, the Court rescinded its Order of Referral on September 13, 2019 [98]. In this motion, Mr. Miller argues that the United States, through the actions of the IRS, prevented him from making his monthly payments on his debt. He asks for the default judgment, presumably the Court's May 22, 2009 Judgment, to be set aside, and the settlement agreement to be reinstated. The United States has expressed a willingness to settle with Plaintiff again if it receives updated financial information, which the Court suggested Mr. Miller provide in its May 19, 2019 Order. (*See* Dkt. 92, pg. 3). Mr. Miller argues that since the United States was responsible for the breach of the settlement agreement, it should be estopped from proceeding against Mr. Miller under that breach. Nevertheless, this is not the proper forum for Mr. Miller to litigate problems arising from his bankruptcy or his relationship with the IRS.

Moreover, the May 22, 2009 Judgment against Mr. Miller was entered before the parties entered into their settlement agreement. The reinstatement of that

agreement would therefore do nothing to set aside that judgment. Mr. Miller has not demonstrated how Plaintiff is responsible for his failure to make his monthly payments. He provides no evidence that any of the creditors in his bankruptcy case had a duty to ensure he had sufficient funds to make his monthly payments to Plaintiff, and he does not explain what the legal significance of that duty would be in this case had it existed. In short, Mr. Miller has provided no legal grounds under FED. R. CIV. P. 60 to set aside the judgment against him.

On March 20, 2018, Defendant filed an Addendum [88] in support of his motion. In addition to the arguments summarized above, Defendant petitioned the Court to allow a payment plan with a smaller monthly payment amount. The Court will allow whatever payment plan Mr. Miller negotiates with Plaintiff, but it cannot force Plaintiff to enter into a new settlement agreement. Nor can it force Plaintiff to waive its requirement that Mr. Miller file a financial statement, a requirement that Plaintiff asserts is rooted in 31 C.F.R. 902.2 & 903.2. (See Dkt. 87, pg. 4).

Accordingly,

**IT IS ORDERED** that Mr. Miller's Motion to Set Aside Default Judgment, Improperly and Fraudulently Entered, and to Reinstate Settlement Agreement [84] is **DENIED**.

**SO ORDERED**.

Dated: September 27, 2019

/s/Arthur J. Tarnow_____
Arthur J. Tarnow
Senior United States District Judge