UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**DARRYL RICHARD MILLER,**<br><br>Defendant. | **2:08-CV-11499-TGB**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER DENYING DEFENDANT'S OBJECTION TO GARNISHMENT AND MOTION FOR RELIEF (ECF NO. 108)** |

Darryl Richard Miller took out federally guaranteed student loans beginning in 1978. Some thirty years later, in 2008, the government brought a lawsuit to collect on the loans. The Court granted summary judgment to the government. The parties later reached a settlement on payment of the judgment, and writs of garnishment have been issued, most recently to the State of Michigan in 2018. Miller now moves to set aside the underlying judgment in this case, which was entered in 2009. Because these arguments have been repeatedly rejected by prior decisions of this Court, and for the additional reasons below, Miller's motion will be denied.

## I. BACKGROUND

This case concerns student loans that Defendant Darryl Miller accumulated in the late 1970s and early 1980s. Compl., ECF No. 1, PageID.3. In 1995, the original lender assigned its interest in the loan to

1

the United States Department of Education. *Id.*; *see* 34 C.F.R. § 682.410(b)(4). In 2008 the United States sued Miller, seeking to recoup the balance due.

The late Honorable Arthur J. Tarnow, then the presiding judge in this matter, granted summary judgment against Miller in 2009. *See* Order granting Pl's. Mot. for Summ. J., ECF No. 40. Judgment was entered in favor of the United States for about $30,000, the balance then due on the loans. *Id.* at PageID.92. Miller filed a motion for rehearing (which was denied) and appealed. *See* Pet. for Reh'g, ECF No. 42, Order denying Pet. for Reh'g, ECF No. 43, Notice of Appeal, ECF No. 44.

In early 2010, shortly after judgment entered, the parties reached a settlement agreement. *See* March 25, 2010 text-only docket entry; Settlement Agreement, ECF No. 87-1, PageID.270-71. *See also* Tr. of Settlement Hearing, ECF No. 106. The agreement reduced Miller's total obligation to $20,863.68 and required Miller to make monthly payments of $150. ECF No. 87-1, PageID.270. The agreement also provided that the settlement would be void—and Miller liable for the entire debt—if Miller failed to make any required payment. *Id.* Shortly thereafter, Miller dismissed his appeal. *See* Order from Sixth Circuit Court of Appeals, ECF No. 70.

According to the Plaintiff, Miller made monthly payments of $150 from April 2010 until he declared bankruptcy in November 2011. Pl's. Resp. to Def's. Mot. for Hearing, ECF No. 77, PageID.230. The

bankruptcy trustee made payments to the Plaintiff from June 2013 until July 2017. *Id.* It appears that, after the bankruptcy closed, Miller did not make at least some payments required by the settlement. *Id.* at PageID.230-31. Miller admits that he did not make payments after his bankruptcy concluded, but says that he could not do so because the Plaintiff refused to acknowledge the settlement agreement's existence. *See* Def's. Mot. to Set Aside J., ECF No. 84, PageID.252 ("After the bankruptcy recently concluded, the payments were not resumed pursuant to the settlement agreement because the government previously refused to acknowledge the existence of the document[.]").

In August 2018, the United States served Miller with an affidavit of default, *see* ECF No. 87, PageID.264, and the Court entered a writ of garnishment at the United States' request. Writ of Garnishment, ECF No. 75. Miller objected to the writ. *See* Def's. Obj. to Garnishment, ECF No. 76. Miller also moved to set aside the original judgment against him. Def's. Mot. to Set Aside J., ECF No. 84. Magistrate Judge R. Steven Whalen recommended that Miller's objection to the writ of garnishment be denied, and the Court adopted the Report and Recommendation over Miller's objection. *See* ECF Nos. 86, 92.

Judge Tarnow agreed that Miller had not carried his burden to show that he was entitled to an exemption from the writ of garnishment. Order Adopting Report and Recommendation ECF No. 92, PageID.324. The Court considered Miller's arguments that the negotiated settlement

and payment plan had broken down due to his financial problems and other factors beyond his control. *Id.* But, none of those reasons were sufficient to set aside the garnishment: Miller had failed to make payments required by the settlement agreement, and therefore, had defaulted under the terms of the agreement and was liable for the entire debt. *Id.* The Court concluded by stating that it would accept an agreed settlement plan between the parties, but could neither intervene in negotiations nor order the government to agree again to the previous settlement. *Id.* Miller moved for reconsideration. ECF No. 94. That motion was denied. ECF No. 95.

About five months later, the Court also denied Miller's motion to set aside the judgment, rejecting Miller's arguments that the United States had prevented Miller from making monthly payments that the parties' negotiated settlement plan had required. *See* ECF No. 101, PageID.348. The Court further noted that judgment had been entered before that settlement and payment plan was negotiated, so reinstating the settlement would not affect the validity of the judgment. *Id.* at PageID.348-49. The Court again reiterated that it could not involve itself in negotiations between the parties or order the United States to enter a new settlement if it was unwilling to do so. *Id.* at PageID.349.

Miller filed another request for rehearing. ECF No. 102. Miller's filing did not raise any specific bases for reconsideration, but promised that a brief would be forthcoming. *Id.* About a month later, Miller filed

4

another "request for rehearing," in which he requested additional time to "file his argument in support of his motion," as he was having difficulty obtaining a transcript of a settlement hearing held in 2010. *See* ECF No. 104, PageID.355. Although what appears to be the missing transcript was filed about two months later, *See* ECF No. 106, Miller never submitted the promised brief.

In July, 2022, this case was reassigned to the undersigned after the Michigan Department of Treasury garnished Miller's tax return. *See* Garnishee Disclosure, ECF No. 107. In response, Miller filed the now-pending motion. He asks that the Court enjoin the garnishment, grant Miller relief from the 2009 judgment, and rule on Miller's 2019 motion for rehearing. *See* Def's. Mot. for Relief, ECF No. 108. Miller also filed two addendums. *See* ECF Nos. 110, 111.

## II. ANALYSIS

The arguments that Miller presents have already been ruled upon and rejected in this Court's prior orders. Indeed, Miller appears to raise exactly the same points he did in 2018 and 2019 in the motions litigated before Judge Tarnow.

Fundamentally, Miller's central contention is that the 2010 settlement agreement is still in effect, and that he is therefore entitled to resume making $150 payments towards the lower, negotiated balance of about $20,000 and avoid future garnishment. This, Miller says, is because Plaintiff defaulted on their own obligations under the agreement

5

by preventing him from making payments after his bankruptcy was resolved. Miller essentially argues that the judgment against him is of no effect, and has been superseded by the still-viable settlement agreement.

But the Court rejected these very arguments in 2018 and 2019. Judge Tarnow explained that the settlement was no longer in effect—not, as Miller insists, because Plaintiff breached it, but because Miller failed to make the payments it required. For the reasons below, there is no basis to reconsider Judge Tarnow's ruling, nor does Miller bear his burden of showing that the funds are somehow exempt from garnishment.

### A. *Miller's motion to reconsider 2019 order denying motion to set aside judgment*

Miller asks the Court to rule on his 2019 request for reconsideration of the order denying his earlier motion to set aside the underlying judgment. But there is nothing to be ruled upon. In 2019, as now, motions for reconsideration were to be filed within fourteen days of the day on which the relevant order was entered. *See* E.D. Mich. L.R. 7.1(h)(2). Judge Tarnow denied Miller's motion on September 27, 2019. Miller's first motion for reconsideration is dated October 11 (though it was not received by the court until October 15). ECF No. 102. But that motion included no argument and identified no basis at all upon which relief could be granted. *Id.* Miller's next filing, which came a month later, also included no argument, but promised that a brief was forthcoming. *See* ECF No. 104. No brief was ever filed. This Court declines to "guess at the

6

nature" of an unraised argument. *Durrstein v. Arthur*, 28 F. App'x 466, 467 (6th Cir. 2002). There is not, and was not in 2019, any identified ground upon which to grant Miller the relief he seeks.

In his present motion papers, Miller includes a document captioned "ARGUMENT IN SUPPORT OF REQUEST FOR REHEARING" dated December 31, 2019. *See* ECF No. 108, PageID.380. This document is appended to Miller's motion along with other disparate items, including materials that appear to have been filed in state court. It may be that this document is the missing brief. Even so, the document is not docketed as a motion, and does not appear to have been filed in 2019. And if it had been filed on December 31, 2019, it would have been untimely by more than two and a half months.

But even if Miller's brief had been timely filed, which it was not, its arguments do not persuade the Court. Across some ten pages, Miller accuses the Court of numerous factual errors. He accuses the Plaintiff of falsifying service. And he raises myriad complaints about the government's conduct in this case and in his bankruptcy. The fundamental thrust of Miller's brief is that the settlement agreement should be reinstated and enforced, allowing Miller to resume making monthly payments.

There is no basis to reconsider Judge Tarnow's 2019 order because these same arguments were already raised in Miller's motion for relief from the judgment and were rejected in the very order Miller asks the

7

Court to reconsider: that service was falsified, that the government committed misconduct in bankruptcy case, that the government's conduct caused Miller to default on his obligations under the settlement agreement, and that the court should reinstate the settlement and payment plan. *See* Def's. Mot. to Set Aside J., ECF No. 84, PageID.251-52; Def's Addendum., ECF No. 88 (same) Order denying Def's. Mot. to Set Aside J., ECF No. 101.

Miller's "[o]ld arguments re-presented" do not justify reconsideration. *Saltmarshall v. VHS Children's Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019). Accordingly, Miller has not demonstrated that there is any basis to reconsider Judge Tarnow's 2019 order denying Miller's motion for relief from the judgment.

Finally, to the extent that Miller seeks to file a new motion for relief from judgment under Fed. R. Civ. P. 60, that motion will be denied. As a possible basis for relief, Miller first points to Rule 60(b)(1), which allows a court to relieve a party from its judgment obligations where there has been "mistake, inadvertence, surprise, or excusable neglect." But such a motion must be made no more than a year after judgment has been entered. Fed. R. Civ. P. 60(c)(1). Miller also points to Rule 60(b)(6), under which relief from a judgment may be granted for "any other reason that justifies" such relief. Miller's motion is likely untimely under Rule 60(b)(6) as well. Though exempt from the one-year time limit, motions under Rule 60(b)(6) must still be made within a "reasonable time." Fed.

8

R. Civ. P. 60(c)(1). Miller's present motion comes more than a decade after judgment was entered.

In any event, to obtain relief under Rule 60(b)(6), a movant must show "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b)(6) applies only in "unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original). Miller's arguments, which have repeatedly been rejected by prior orders of this court, do not surmount that high bar.

*B. Miller's objection to garnishment*

Miller objects to the writ of garnishment. A judgment debtor that claims exemption from garnishment bears the burden of proving that he is entitled to an exemption. *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996) (citing 28 U.S.C. § 3014(b)(2)).

As with his motion to set aside the judgment in this case, the issues Miller raises in objecting to the garnishment were also litigated unsuccessfully in 2018 and 2019. Magistrate Judge Grand issued a report and recommendation explaining that Miller had not shown that his state income tax refund was subject to any specific exemption from garnishment.

In adopting Magistrate Judge Grand's Report and Recommendation, and later denying reconsideration of that order, Judge Tarnow explained that Miller's objections to the Report and

9

Recommendation and arguments in favor of reconsideration were directed at the validity of the underlying judgment and the Plaintiff's purported breach of the negotiated settlement and payment plan. Order denying Reh'g., ECF No. 95, PageID.334-335. Judge Tarnow also explained that a garnishee's economic hardship or inability to pay will not excuse them from garnishment. Order adopting Report and Recommendation, ECF No. 92, PageID.324; *United States v. Jones*, 2011 WL 7145607, at *2 (E.D. Mich. Dec. 1, 2011) (report and recommendation adopted, 2012 WL 359719 (E.D. Mich. Feb. 2, 2012)).

The same reasoning applies to Miller's present objection to the writ of garnishment: his arguments are directed at Plaintiff's conduct surrounding the settlement agreement and his bankruptcy. For the reasons discussed above, and explained by the Court in its prior orders, that is no basis to set aside the writ of garnishment.

In this motion, however, Miller raises an additional specific exemption from garnishment that he says applies to his case. He argues that the attached money "resulted from State of Michigan Homestead Property Tax Credits," and therefore should be exempt under 28 U.S.C. § 3014(a) and 11 U.S.C. 522(d)(1). Def's. Second Addendum, ECF No. 111, PageID.440

Section 3014(a) provides that a debtor may elect to exempt property specified in 11 U.S.C. § 522(d) from collections. Section 522(d)(1), in turn, allows a debtor to exempt their "aggregate interest, not to exceed $27,900

10

in value, in real property or personal property . . . that the debtor . . . uses as a residence." Miller appears to argue that the exemption identified in §522(d)(1) applies because the Homestead Property Tax Credits were "intended to support [his] ability to pay his property tax." ECF No. 111, PageID.440.

But Miller does not explain how a tax return issued to him pursuant to a property tax credit falls within § 522(d)(1)'s exemption for property used as a residence. And in any event, the Michigan Court of Appeals has explained that "a homestead property tax credit may be garnished." *Asset Acceptance Corp. v. Hughes*, 268 Mich. App. 57, 60, 706 N.W.2d 446, 448 (2005). So Miller's argument on this point is unavailing.

Finally, Miller argues that the current administrative forbearance that applies to some student loans or the recently-announced plan to forgive certain debt for some borrowers bears on his case. Without citation to authority, Miller argues that garnishment would violate his due process because the government "may soon offer some student loan relief."[1] Miller does not explain how the garnishment here—issued

---

[1] After Miller filed his Motion, the Secretary of Education promulgated a plan to discharge certain student loan debt. *See* Federal Student Aid Programs (Federal Perkins Loan Program, Federal Family Education Loan Program, and William D. Ford Federal Direct Loan Program), 87 Fed. Reg. 61,512-14 (Oct. 12, 2022). That plan is currently subject to an injunction issued by the Eighth Circuit, *see Nebraska v. Biden*, 52 F.4th 1044, 1048 (8th Cir. 2022), and has been declared unlawful by the United States District Court for the Northern District of Texas. *See Brown v. U.S. Dep't of Educ.*, 2022 WL 16858525, at *15 (N.D. Tex. Nov. 10, 2022),

11

pursuant to a decade-old judgment—would work a due process violation. Arguments raised in a perfunctory manner and unsupported by authority are deemed waived, even when those arguments raise constitutional issues. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). It will not do for a party to "mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones," as Miller has done here. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citation omitted)

Ultimately, Miller has not borne the burden of proving that he is exempt from garnishment.

### III. CONCLUSION

Miller has not shown that he is entitled to relief from the judgment entered against him in 2009 nor the writ of garnishment issued in 2018 pursuant to that judgment.

As before, the United States appears willing to consider a settlement that would allow Miller to resume making incremental payments on the debt at issue. And Miller states a desire to resume paying down the debt on a payment plan to avoid financial hardship. No doubt, there may be some sticking points between the parties, as there have been in the past. If the parties wish, this matter may be referred to

---

cert. granted before judgment sub nom. *Dep't of Educ. v. Brown*, 143 S. Ct. 541 (2022).

the assigned Magistrate Judge for a settlement conference upon the parties' request.

For the reasons stated above, however, **IT IS HEREBY ORDERED** that Defendant's Motions and associated addenda (ECF No. 108, 110, 111, 112) are **DENIED**. This case remains **CLOSED**.

**IT IS SO ORDERED,** this 22nd day of March, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge